NOT DESIGNATED FOR PUBLICATION

No. 116,112

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM N. THORNBURG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed May 12, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: William N. Thornburg appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Thornburg's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requested that the district court's judgment be affirmed.

On May 3, 2013, Thornburg pled guilty to one count of aggravated battery, a severity level 7 person felony, and to one count of criminal restraint, a class A person misdemeanor. On June 13, 2013, the district court sentenced Thornburg to 17 months' imprisonment for the felony conviction and a consecutive 12-month jail term for the

1

misdemeanor conviction, but the district court placed Thornburg on probation for 24 months to be supervised by community corrections.

Following several prior probation violations admitted by Thornburg and the prior imposition of a quick dip and intermediate sanctions, Thornburg stipulated to his fourth probation violation at a hearing on April 7, 2016. The district court revoked Thornburg's probation and ordered him to serve the two sentences concurrently for a controlling 17-month prison term. Thornburg timely appealed.

On appeal, Thornburg claims the district court "abused its discretion by revoking probation and ordering execution of the underlying sentence." Thornburg acknowledges that once there has been evidence of a probation violation, the decision to revoke probation rests within the district court's sound discretion.

The procedure for revoking an offender's probation or assignment to community corrections is governed by K.S.A. 2016 Supp. 22-3716. Traditionally, once a defendant on probation violated that probation, the district court had the discretion to revoke the probation and order that the defendant serve the underlying sentence. *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In 2013, our legislature limited a district court's discretion to order that a probation violator serve his or her underlying sentence by amending K.S.A. 22-3716. The statute as amended provides that after finding that the conditions of probation have been violated, the court is to apply graduated intermediate sanctions ranging from modification of the

2

defendant's release conditions to brief periods of confinement in jail that increase in length depending on the number of lesser sanctions already imposed by the court. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). After the imposition of the appropriate intermediate sanctions, the district court is authorized to revoke an offender's probation based on a violation of the conditions and require the defendant to serve the sentence imposed or any lesser sentence. K.S.A. 2016 Supp. 22-3716(c)(1)(E).

Here, the parties agreed at the April 7, 2016, hearing that Thornburg already had received the appropriate intermediate sanctions required by statute as a result of his earlier probation violations. The last hearing marked Thornburg's fourth probation violation, and the district court correctly found that it had previously imposed "all the preliminary sanctions required for the Court to impose the sentence." The district court showed leniency by ordering that Thornburg's sentences would be served concurrently rather than consecutively. The district court's decision to revoke Thornburg's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thus, we conclude the district court did not err in revoking Thornburg's probation and ordering him to serve a modified prison sentence.

Affirmed.